IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAEL SPEIGHTS,                                                                OPINION and
                                                                              ORDER
                   Petitioner,
                                                                              09-cv-517-bbc
     v.

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,[1]

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Jael Speights, an inmate at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that he was denied procedural due process in the context of a prison disciplinary hearing at which he was found guilty of battery, sexual conduct and soliciting staff and penalized with 8 days of adjustment segregation, 360 days of program

---

[1] Originally, petitioner filed this action against Peter Huibregtse, warden of the Wisconsin Secure Program Facility, and Rick Raemisch, Secretary of the Wisconsin Department of Corrections. However, because this is a writ of habeas corpus brought under 28 U.S.C. § 2254, the only proper respondent is Peter Huibregtse, petitioner's custodian. Rick Raemisch is not a proper respondent and his name has been removed from this case.

1

segregation, extension of his mandatory release and loss of good-time credits.  Petitioner has paid the five dollar filing fee.

The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  According to the rule, the district court must review a habeas petition promptly and may dismiss it summarily if "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases; Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993) (district court should dismiss § 2254 petition if it "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible").  Petitioner has included with his petition the record from his disciplinary hearing along with a copy of the state appellate court's decision upholding the disciplinary committee's decision.  Because it is plain from petitioner's submissions that he does not qualify for relief under § 2254, I will dismiss the petition without ordering a response from the state.

From the petition, state circuit court and appellate court decisions and the record of the disciplinary proceedings submitted by petitioner, I find the following facts.

## FACTS

In May 2007, petitioner was incarcerated at the Columbia Correctional Institution.

On May 31, 2007, prison officials at that institution issued petitioner a conduct report charging him with battery, sexual conduct, lying and soliciting staff in violation of Wis. Admin. Code DOC §§ 303.12, 303.15, 303.26, 303.27.  The conduct report was based on video evidence and the testimony of a female corrections officer, Sergeant Grimm.  The report stated that on May 31, petitioner appeared naked in front of Grimm and attempted to solicit her by telling her that he wanted to do "something along the lines of fraternization."  Later the same day, Grimm left her desk briefly and when she returned she took a drink from her glass of soda and quickly spit it out because it tasted soapy and salty.  The report writer viewed video surveillance which showed that petitioner was the only person at Grimm's desk while she was away.  The report writer concluded from Grimm's testimony and the video surveillance that it was likely that petitioner had poured his semen from a cup into Grimm's glass of soda.

A disciplinary hearing was conducted on June 29, 2007.  At the hearing, petitioner admitted to making the comment about "fraternization" and admitted to being naked and masturbating when Grimms approached his cell.  He denied pouring anything into Grimm's drink.  The disciplinary hearing committee found petitioner guilty of battery, sexual conduct and solicitation.  It explained that it found the conduct report writer credible because the writer had directly observed petitioner's behavior via video surveillance, had conducted an extensive investigation and had no reason to fabricate his findings.  Further, petitioner's staff

3

advocate had reviewed the video evidence and found nothing exculpatory in it. The committee also noted that petitioner's testimony at the hearing was nebulous, self-serving and evasive. The committee sanctioned petitioner with 8 days of adjustment segregation, 360 days of program segregation, extension of his mandatory release and loss of good-time credits.

After exhausting his remedies in prison, petitioner filed a petition for review with the Wisconsin state courts. The Circuit Court for Dane County dismissed petitioner's claim, finding that the disciplinary decision was supported by substantial evidence. The Wisconsin Court of Appeals, the last state court to hear this case, affirmed the circuit court's dismissal of petitioner's claim. Speights v. Grams, 2009 WI App 56, 317 Wis.2d 731, 768 N.W.2d 63 (Table). The court of appeals concluded that the disciplinary hearing committee had given proper weight and credibility to Grimm's testimony and the conduct report. The court held that the disciplinary hearing committee had sufficient evidence to find petitioner guilty of battery, sexual conduct and solicitation.

After the court of appeals' decision, petitioner had 30 days to file a petition for review in the Wisconsin Supreme Court. Petitioner could not file a timely petition for review because his court documents were destroyed by the prison water system and the business office delayed his request for a legal loan. Without the loan, petitioner could not make copies of the documents he needed to file with the Wisconsin Supreme Court. Petitioner

4

requested an extension of time, but the request was denied. Petitioner then filed this petition for a writ of habeas corpus.

OPINION

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. Petitioner contends that he is in custody in violation of the due process clause of the Fourteenth Amendment because the prison disciplinary proceeding violated his rights to procedural due process. Because the prison disciplinary committee sanctioned petitioner with segregation time, extended his mandatory release date and deprived petitioner of good-time credits, he properly brought his petition under 28 U.S.C. § 2254. Wolff v. McDonnell, 418 U.S. 529, 557, 572 (1974). Furthermore, because the Wisconsin Court of Appeals already decided the merits of petitioner's challenge to his prison discipline, the limited-review provisions of 28 U.S.C. § 2254(d) apply. White v. Indiana Parole Board, 266 F.3d 759, 766 (7th Cir. 2001). Under § 2254(d), federal relief is not available unless the Wisconsin Court of Appeals' adjudication was contrary to or involved an unreasonable application of clearly established federal law or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Simelton v. Frank, 446 F.3d 666, 669 (7th Cir. 2006).

As an initial matter, it appears that petitioner procedurally defaulted his habeas claim by failing to file a timely appeal with the Wisconsin Supreme Court. Ordinarily, failing to file a petition for review to the highest state court bars federal habeas relief in a federal court. 28 U.S.C. § 2254(b)(1)(A). Petitioner argues that his procedural default should not bar habeas relief because he can show that events outside his control caused his default. Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004) (procedural default may be excused if petitioner can show independent cause for default or that denial of federal habeas relief will result in miscarriage of justice). Specifically, petitioner alleges that it was not his fault that his legal papers were destroyed by water or that the prison business office delayed the approval of his legal loan. It is not necessary to reach this issue. Even if petitioner can show that his procedural default should be excused, his petition fails on the merits.

In his petition, petitioner does not address the reasonableness of the Wisconsin Court of Appeals' decision. Instead, petitioner contends that: (1) the disciplinary hearing committee had insufficient evidence to find him guilty of violating the prison disciplinary code; (2) the committee did not create an adequate written report of its decision; and (3) the committee relied improperly on the investigator's description of videotape evidence instead of reviewing the videotape independently. Despite petitioner's failure to address the court of appeals' decision, I am satisfied that he cannot meet his burden under § 2254 of showing that the state appellate court applied federal law unreasonably or made unreasonable factual

6

findings.

When a prison disciplinary hearing may result in the loss of good time credits, as in petitioner's case, the minimum requirements of due process require that the inmate receive, among other things, a "written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Wolff, 418 U.S. at 564. In addition, the findings of the disciplinary committee must be "supported by some evidence in the record." Superintendent, Massachusetts Correctional Institution, Wapole v. Hill, 472 U.S. 445, 454 (1985). When reviewing the decision of a prison disciplinary committee, the relevant question is "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455 (emphasis added).

Although the Wisconsin Court of Appeals did not cite Wolff or Hill, it reasonably applied the rules set out in those cases when it affirmed the prison disciplinary committee's decision. Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (state court need not cite or even be aware of Supreme Court precedent as long as state court decision does not contradict it). The court indicated that it was applying the legal standard set forth in Ortega v. McCaughtry, 221 Wis. 2d 376, 386-87, 585 N.W.2d 640, 646 (Ct. App. 1998), which held that a court reviewing a prison disciplinary decision on certiorari should apply a "substantial evidence" standard, which requires even greater scrutiny than the "some evidence" standard of Hill, 472 U.S. at 455. Speights, 2009 WI App 56 at ¶ 5. The court of appeals found that

7

there was substantial evidence to support the disciplinary committee's decision that petitioner was guilty of battery, sexual conduct and solicitation. Id. at ¶¶ 6-8. The court explained that the disciplinary committee should determine the weight and credibility of the evidence that is before it. Id. at ¶ 6. The court found that in petitioner's case, the committee was free to find the statements of the correction officer and staff investigator statements to be more credible than those of petitioner. Id. The court also found that the disciplinary committee had given an adequate explanation of the reasoning behind its decision in its written report. Id. As for the videotape evidence, the court of appeals found that the disciplinary committee could consider the videotape evidence without actually viewing the tape itself because the committee was permitted to rely on the statement of the officer who viewed the videotape. Id.

The state court of appeals did not misapply federal law or make unreasonable findings of fact. Under federal law, courts are required to uphold the decisions of prison administrators that have some basis in fact. Hill, 472 U.S. at 456. Here, the prison disciplinary committee had testimony, a conduct report and petitioner's own statements on which to base its decisions. This evidence meets the due process requirements under Hill, 472 U.S. at 455. Further, the written statement provided by the disciplinary committee as to the evidence it relied on and the reasons for the disciplinary action was sufficient. A reviewing court could easily determine from it the basis of the committee's decision. Culbert

v. Young, 834 F.2d 624, 631 (7th Cir. 1987) (written report helps reviewing courts determine whether decision was unfair or arbitrary).  The written report was also sufficient to notify petitioner of the basis for the committee's decision so that he could prepare his appeal.  Wolff, 418 U.S. at 564-65 (written report helps prisoner prepare defense and appeals).

Finally, the court of appeals was correct in stating that the disciplinary hearing committee was not required to view the video surveillance tape.  Both petitioner's staff advocate and the investigator who wrote the conduct report viewed the video footage of the incident at issue and determined that it would not exculpate petitioner.  The investigator stated that the video actually supported a finding that petitioner was guilty of misconduct.  To fulfill the minimum requirements of due process, the disciplinary committee is required only to make a determination of credibility and reliability of the conduct report and the staff advocate's report and weigh this evidence against petitioner's own testimony.  Culbert, 834 F.2d at 630-31.  The disciplinary committee did this.  After determining that the staff advocate and investigator were credible and unbiased, the disciplinary committee had sufficient evidence to find petitioner guilty of the misconduct charged.  Accordingly, the Wisconsin Court of Appeals properly upheld the disciplinary committee's decision.

Because petitioner cannot show that the Wisconsin Court of Appeals misapplied federal law or otherwise erred in determining that the prison disciplinary committee decision

9

was supported by sufficient evidence and was accompanied by a written statement that gave an adequate explanation for the committee's decision, petitioner's claim for habeas relief must be denied.

## ORDER

IT IS ORDERED that

1. Jael Speights's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED with prejudice for petitioner's failure to show that he is in custody in violation of the Constitution or laws of the United States.

2. The clerk of court is directed to enter judgment for respondent Peter Huibregtse and close this case.

Entered this 28th day of October, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge