IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAEL SPEIGHTS,

                                  ORDER

              Petitioner,

                                09-cv-517-bbc

     v.

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

             Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 29, 2009, I dismissed Jael Speights's petition for a writ of habeas corpus summarily because he did not qualify for relief under 28 U.S.C. § 2254. Now petitioner has filed a motion for reconsideration of the dismissal. Petitioner's motion is without merit and will be denied.

In his petition, petitioner contended that he was denied procedural due process in the context of a prison disciplinary hearing at which he was found guilty of battery, sexual conduct and soliciting staff and penalized with 8 days' adjustment segregation, 360 days of program segregation, extension of his mandatory release time and loss of good-time credits. In the October 29 order, I explained that because the Wisconsin Court of Appeals already

decided the merits of petitioner's challenge to his prison discipline, the limited-review provisions of 28 U.S.C. § 2254(d) applied. Under § 2254(d), federal relief was available only if the appellate court decision was contrary to or involved an unreasonable application of clearly established federal law or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Simelton v. Frank, 446 F.3d 666, 669 (7th Cir. 2006). As I explained in the October 29 order, the state appellate court did not misapply federal law in upholding the prison disciplinary committee decision. The committee decision was supported by "some evidence" in the record, which is all that due process requires. Superintendent, Massachusetts Correctional Institution, Wapole v. Hill, 472 U.S. 445, 454 (1985). In this case, the committee decision's was supported by the testimony of Sergeant Grimm and a conduct report prepared by a staff investigator. Therefore, I concluded that the appellate court properly upheld the prison disciplinary committee's decision.

In his motion for reconsideration, petitioner does not raise any arguments or allege any facts that were not included in his original petition. As he did in his petition, petitioner contends that the prison disciplinary committee did not have sufficient evidence to find him guilty of battery. In particular, petitioner contends that the committee should have viewed video footage of the events at issue instead of relying on an investigator's and a staff advocate's report describing the contents of the video. Petitioner contends that the rule in

2

Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996), required the prison disciplinary committee to view the video tape evidence independently, but his reading of the case is not correct. Meeks requires disciplinary committees to provide an explanation when they disregard exculpatory evidence produced by a prisoner or find it unpersuasive. Id. at 721. In this case, the disciplinary committee based its conclusion that the video footage was not exculpatory on the reports of the investigator and staff advocate who had watched the footage. The investigator reported that the video footage confirmed that petitioner was the only person other than Sergeant Grimm present at the site of the battery and had the opportunity to engage in misconduct. The committee determined that the investigator was "credible" and had "no stake in the outcome of the hearing," and that there was "no known conflict between the [staff] advocate and the inmate." This explanation satisfies the standard in Meeks.

Because petitioner has provided no new evidence or arguments that would change my conclusion that the state appellate court applied federal law properly, his motion for reconsideration will be denied.

ORDER

IT IS ORDERED that petitioner Jael Speights's motion for reconsideration, dkt. #8,

3

is DENIED.

Entered this 17th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4