IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAEL SPEIGHTS,

                Petitioner,                       ORDER

    v.                                                09-cv-0517-bbc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

On October 29, 2009, this court entered a judgment of dismissal of petitioner Jael Speights's application for a writ of habeas corpus with prejudice after finding that petitioner could not show that the state appellate court misapplied federal law or otherwise erred in determining that a decision of the prison disciplinary committee was supported by sufficient evidence and accompanied by a written statement that gave an adequate explanation for the committee's decision. On November 17, 2009, I denied petitioner's motion for reconsideration. Petitioner now seeks to appeal both the judgment and the denial of his motion for reconsideration. Although petitioner has not filed an application for leave to proceed *in forma pauperis* on appeal, he states that he intends to do so.

Because petitioner's habeas petition challenged the actions of state corrections officials and not his conviction or sentence, he does not need a certificate of appealability. Anderson v. Benik, 471 F.3d 811, 814 (7th Cir. 2006). However, unless his appeal is taken

in good faith, he cannot proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000).

I am unable to make this finding. Petitioner insists that the disciplinary committee's determination that he committed battery, as defined in Wis. Admin. Code § DOC 303.12, by tampering with a staff sergeant's drink was in violation of the due process clause because it was not supported by sufficient evidence. Petitioner appears to believe that someone had to witness him, either in person or on videotape, tampering with the drink in order to find him guilt of the charge. He is mistaken. To comport with the requirements of the due process clause, the prison disciplinary committee's decision need be supported only by "some evidence." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 456-47 (1985). This is a very low evidentiary threshold that does not require direct evidence. Id. As explained in the order dismissing the petition, the fact that petitioner was the only person seen on the videotape to have been near the sergeant's desk while she was away and his having appeared naked before her earlier that day provided more than "some" evidence to support the disciplinary committee's finding that petitioner was the person who had tampered with the sergeant's drink. In light of this evidence, combined with the deference federal courts owe to reasonable state court determinations under 28 U.S.C. § 2244(d), no reasonable person could suppose petitioner's appeal has any merit.

ORDER

IT IS ORDERED that petitioner's request for permission to proceed *in forma pauperis* on appeal is DENIED because his appeal is not taken in good faith.

Entered this 11th day of December, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge